IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE A. SAVAGE, | : |
| | : |
| Plaintiff, | : |
| | : **CIVIL ACTION NO. 3:04-921** |
| vs. | : |
| | : (JUDGE NEALON) |
| JO ANNE B. BARNHART, | : (MAGISTRATE JUDGE MANNION) |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

## MEMORANDUM and ORDER

This is a Social Security/Disability matter which comes before the Court on the Plaintiff's appeal from the denial of disability insurance benefits and supplemental security income by the Defendant, Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The matter was referred to United States Magistrate Judge Malachy E. Mannion for initial consideration. On March 8, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Plaintiff's appeal be denied. (Doc. 14). The Plaintiff filed Objections to the Report and Recommendation on March 23, 2005, and thereafter filed a brief in support of her objections on April 12, 2005. (Docs. 15, 18). The Government filed a reply to those Objections on April 26 , 2005. (Doc. 19). The matter is ripe for disposition and, for the reasons that follow, the Report and Recommendation will be adopted and the appeal will be denied.

**I. Standard of Review**

Pursuant to the Federal Magistrates Act, when objections to a report and recommendation have been filed, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C).  This matter will be reviewed de novo to those portions of the Report and Recommendation to which objections were filed.

**II. Procedural Background**

The Plaintiff, Catherine A. Savage, filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 15, 2003, alleging an inability to work as of December 31, 1998, due to, *inter alia*, hearing problems, a ruptured disk in her neck and high blood pressure.  (R. 14).  Her request for benefits was denied at the initial level and she filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (*Id.*).  A hearing was held before the ALJ on October 16, 2003, which resulted in a decision, unfavorable to the Plaintiff, being issued on December 10, 2003.  (R. 14).  The Plaintiff then requested review by the Appeals Council which, by Notice of Action, dated February 27, 2004, declined review of that decision, making the decision of the ALJ the final decision of the Commissioner of Social Security. (R. 6-8). This appeal followed on April 27,

2004. (Doc. 1).

On September 15, 2004, the Plaintiff filed a brief in support of her appeal wherein she argued that the ALJ erred in rejecting the finding of disability by Plaintiff's treating physician based on her degenerative disc disease and disc herniations inasmuch as there was substantial evidence in the record of nerve root impingement, contrary to the ALJ's conclusion otherwise. Plaintiff also asserted that there was not substantial evidence in the record that Plaintiff's medical treatment and medications did not support a finding of disability and that the ALJ did not give appropriate weight to the testimony of her treating physicians. In addition, she maintains that the ALJ neither properly addressed her hearing loss and obstructive pulmonary disease as severe impairments nor included these impairments in the framed hypothetical question to the vocational expert. Finally, Plaintiff contends that the ALJ failed to address specific severe impairments thus rendering review of his decision impossible. (Doc. 12). The Government filed an opposing brief on October 18, 2004. (Doc. 13). The Magistrate Judge issued a Report and Recommendation on March 8, 2005, recommending that the appeal be denied. (Doc. 14). Timely objections, and a response thereto, followed. (Docs. 15, 18-19).

**III. Disability Determination Process**

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. *See* 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a Plaintiff is disabled or not disabled,

review does not proceed any further.  20 C.F.R. §§ 404.1520, 416.920.  The steps in the process are as follows: 1) Is the individual engaging in substantial gainful activity? 2) Does the individual have a severe impairment? 3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, *appendix* 1? 4) Does the individual retain the residual functional capacity to engage in his/her past relevant work? and 5) If an individual does not have the capacity to engage in his/her past work, does s/he retain the capacity to perform jobs which exist in significant numbers in the national economy?  *See* Social Security Ruling 86-8; 20 C.F.R. §404.1520.

The disability determination involves shifting burdens of proof. The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Mason v. Shalala,* 993 F.2d 1058, 1064 (3d Cir.1993).

In the present case, the ALJ denied the Plaintiff benefits at step 5 of the sequential disability evaluation process when he concluded, based on her age, education, residual functional capacity ("RFC") and work history, that "she is capable of making a successful adjustment to work that exists in significant numbers in the national economy."  (R. 19).

## IV. Discussion

The role of this court in reviewing a decision by the Commissioner of Social Security to deny disability benefits is to "determine whether there is substantial evidence to support

the Commissioner's decision." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004)(*citing Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... It is less than a preponderance of the evidence but more than a mere scintilla." *Id*. (internal quotations and citations omitted). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620 (1966)(cited in *Richardson v. Perales*, *supra*). "Substantial evidence had been ... defined as 'enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' *NLRB v. Columbian Enameling & stamping Co.*, 306 U.S. 292, 300 (1939)," *Olsen v. Schweiker*, 703 F.2d 751, 753 (3rd Cir. 1983). Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart, supra,* 364 F.3d at 503.

In the Report and Recommendation, Magistrate Judge Mannion determined that there was substantial evidence to support the ALJ's conclusion that Plaintiff was capable of performing a limited range of sedentary work, contrary to the conclusory opinions rendered by her treating physician's that she was totally disabled and could not work.

The Plaintiff presents the following grounds as objections to the Report and

Recommendation:

    1. The Report and Recommendation was in error in rejecting, in part, the opinion of the treating physician based on the conflicting opinion of the State Agency physician, which, without more, is insufficient grounds to disregard the findings of the treating physician under Third Circuit case law.

    2. Because Third Circuit case law does not support giving more than a little weight to State Agency physician's opinions, the Magistrate Judge, in relying on SSR 96-6p, incorrectly accorded more than a little weight to such an opinion.

    3. The Report and Recommendation erred in failing to give Plaintiff's treating physician's opinions controlling weight or, alternatively, to indicate why significant weight was not afforded to them.

    4. The Magistrate Judge was incorrect in finding that Plaintiff's hearing loss had not worsened inasmuch as she testified to increased hearing loss.

    5. It was error for the Report and Recommendation to find that whether Plaintiff could afford hearing aides was not a consideration for the Administration.

    6. The Magistrate Judge was erroneous in finding that Plaintiff to be less than credible when her subjective symptoms were fully supported by the objective medical evidence.

(Doc. 15). Each of these will be addressed *in seriatim*.

    *1. Opinions of the treating physician and the State Agency physician*

Plaintiff maintains that the Report and Recommendation erred in finding there was substantial evidence in the record to support the ALJ's rejection of the opinions of her treating physician while accepting the opinion of the Agency physician. Specifically, she argues that Third Circuit case law does not support the ALJ's acceptance of an Agency

physician over that of a treating physician's and that SSR 96-6p does not afford a basis upon which to rely in rendering such a decision. Initially, it should be noted that it does not appear in the record that the ALJ disregarded the opinion of the treating physicians for that of the Agency physician. Rather, the ALJ specifically stated that he "considered and [did] not discount[] the opinion of [Plaintiff's treating physician] that he does not think [she] is a candidate to return to the workforce or other treating source opinions of disability." (R. 18). However, because such a determination is reserved to the Commissioner, these conclusions were not given significant weight inasmuch as they did not address Plaintiff's disability from a functional standpoint. The ALJ observed that the treating physicians rendered "no specific assessments of [her] work-related abilities or limitations." (*Id.*). Accordingly, their conclusions that she is disabled are entitled to weight only to the extent to which they are supported by the medical evidence of record.

Moreover, the medical findings of Plaintiff's treating physicians were not rejected altogether in favor of the determinations made by the Agency physician but rather were evaluated in light of the ALJ's determination as to the severity and limiting effects of her impairments. While Plaintiff asserts that the Agency physician, in evaluating her claims, did not address Plaintiff's cervical disc impairment or her breathing impairments, the ALJ nonetheless found these limitations to be supported by the medical evidence of record. A finding of an existent medical condition alone does not demonstrate a disability. *See Petition of Sullivan,* 904 F.2d 826, 845 (3d Cir. 1990). Thus, the question is not only whether the

plaintiff has a medical condition, but also whether the condition causes a functional disability that prevents the plaintiff from participating in gainful activities. *Guthrie v. Barnhart.* (M..D. Pa. No. 02-2114)(Kosik, J.). Although the ALJ noted that "[t]he medical record shows that [she] has cervical disc disease . . . and asthma" (R. 16), his assessment of Plaintiff's asthma was that it did not meet or equal a listed impairment.

These conclusions do not run afoul of SSR 96-6p. While Plaintiff avers that opinions of agency physicians can only be given weight insofar as they are supported by the evidence of record, she does not demonstrate which of the agency physician's opinions were adopted by the ALJ without support in the record. Rather, the ALJ rejected conclusions from both treating physicians and the agency physician that were not corroborated by the record before him and, conversely, adopted such opinions that the record supported. The cervical disc and breathing impairments do not appear to have been rejected because the agency physician did not consider them but rather because the ALJ did not find them to be disabling for purposes of the Act in light of the medical evidence in the record.

In sum, the record indicates that the ALJ gave weight to the opinions of both the treating physicians and the Agency physician. While the opinions of the physicians who treated Plaintiff were not wholly adopted, the ALJ stated specifically that all medical evidence in the record was carefully examined, and it is clear that he thoroughly analyzed the objective medical evidence, having made several references to findings contained therein, as well as reconciling that evidence with the testimony of the Plaintiff. The Agency physician's

opinion was not adopted in lieu of that of the treating physicians but in conjunction therewith. As noted in the Report and Recommendation, it was not erroneous for the ALJ to afford weight to the opinion of the Agency physician because the opinions of Plaintiff's treating physicians that she was completely disabled were not supported by the objective medical evidence of record. Further, inasmuch as the ALJ found Plaintiff's impairments to be more limiting than those proposed by the Agency physician, her conclusions could be read to suggest Plaintiff is capable of performing sedentary work, at a minimum.[1]

*2. Hearing Loss*

Plaintiff next argues that, contrary to the conclusions of the ALJ, as affirmed by the Magistrate Judge, her hearing loss had worsened and precluded her from working. Noting that her hearing loss had not precluded employment in the past, the ALJ opined that while she suffered such an impairment and that the impairment was severe, it did not meet or equal a listed impairment so as to be considered disabling. The Report and Recommendation found that there was substantial evidence to support this determination by the ALJ. Not only was the May 2000 hearing test, which she claims evidenced an increased loss of hearing, not part of the record before the ALJ, but the severity and extent of her hearing impairments themselves were not established in the record. Further, despite the record being left open for

---

[1] Having found Plaintiff able to lift twenty pounds occasionally, stand or walk six house in an eight hour work day and sit six hours in an eight hour work day, the agency physician's assessment would clearly include the ability to perform less demanding work, and therefore a limitation to sedentary work would be encompassed in this determination.

two weeks so that she could develop the claim of a hearing loss disability, Plaintiff submitted no hearing loss records.

She also maintains that the Magistrate Judge erred in finding that she did not pursue reasonable medical treatment in an effort to obtain hearing aids. The ALJ stated that while it was "unfortunate that [she] cannot afford hearing aids . . . that is not a consideration for the Administration." (R. 16). Although she testified that her hearing loss had worsened, the Report and Recommendation stated that there was no indication that the condition could not be corrected through hearing aids and commented that conditions that are controllable through treatment are not disabling. *See Brown v. Bowen*, 845 F.2d 1211, 1215 (3d Cir. 1988). Considering this conclusion to be a negative inference made from her inability to seek corrective measures is without merit.

3. *Credibility Analysis*

"'[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.' *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir.1997); *see also Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir.1991) ('We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.')." *Frazier v. Apfel*, 2000 WL 288246 (E.D.Pa. March 7, 2000).

The Social Security Regulations provide a framework under which a claimant's

subjective complaints are to be considered. 20 C.F.R. §404.1529. First, symptoms, such as pain, shortness or breath, fatigue, *et cetera,* will only be considered to affect a claimant's ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings. 20 C.F.R. §404.1529(b). Once a medically determinable impairment which results in such symptoms is found to exist, the Commissioner must evaluate the intensity and persistence of such symptoms to determine their impact on the claimant's ability to work. 20 C.F.R. §404.1529(b). In so doing, the medical evidence of record is considered along with the claimant's statements. 20 C.F.R. §404.1529(b). Social Security Ruling 96-7p gives the following instructions in evaluating the credibility of the claimant's statements regarding his or her symptoms: "In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p.

Plaintiff asserts that her symptoms are well-supported by the medical evidence and that the ALJ rejected her testimony because of her lack of treatment due to financial considerations. However, the court cannot agree that this occurred. In his report, the ALJ

11

found that Plaintiff "is not entirely credible." (R.17). In affirming this conclusion, the Report and Recommendation noted that the ALJ compared Plaintiff's subjective claims with the objective medical evidence, thus performing a proper credibility determination. He neither rejected her testimony nor the existence of impairments, but found the severity of them to be exaggerated. Given this framework, the court concludes that the credibility analysis of Plaintiff was proper, evaluating whether her subjective complaints were reasonably consistent with the objective medical evidence. In applying this standard, the ALJ rejected the degree to which the subjective complaints were not supported by the record as a whole. While determining Plaintiff suffers from the impairments claimed, he found that the severity and limitations resulting therefrom were overstated. Consequently, this assessment is supported by substantial evidence and will not be disturbed on appeal.

**V. Conclusion**

Based on the foregoing, the appeal will be denied. An appropriate Order follows.


Date: May 26, 2005                              s/ William J. Nealon
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE A. SAVAGE, : | |
|     Plaintiff, : | |
| : | **CIVIL ACTION NO. 3:04-921** |
| vs. : | |
| : | (JUDGE NEALON) |
| JO ANNE B. BARNHART, : | (MAGISTRATE JUDGE MANNION) |
| Commissioner of Social Security, : | |
|     Defendant. : | |

**ORDER**

**AND NOW**, this 26th day of MAY, 2005, consistent with the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT**:

(1) The Magistrate Judge's Report and Recommendation (Doc. 9) is **ADOPTED**.

(2) The Plaintiff's appeal is **DENIED**.

(3) The Clerk of Court is directed to close this case.


                                                               s/ William J. Nealon
                                                               United States District Judge